IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



EUGENE N. HARLEY,

    Plaintiff,

v.                                                        Civil Action No. **3:07CV439**

**CIRCUIT COURT OF CHESAPEAKE**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner, filed this action. The matter is before the Court on Harley's failure to comply with the Court's directive to particularize his complaint.

Plaintiff styled his action as an "ADMINISTRATIVE/JUDICIAL NOTICE." Plaintiff's initial pleading failed to comply with Federal Rule of Civil Procedure 8(a). That rule requires that a pleading contain "(1) a short and plain statement of the grounds for the court's jurisdiction" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Therefore, by Memorandum Order entered on November 5, 2007, Plaintiff was directed to particularize his initial pleading. The Court informed Plaintiff that his complaint must be strictly in conformance with the following directions and in the order set forth below:

    a.    At the **very top** of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED PLEADING FOR CIVIL ACTION NUMBER 3:07CV439."

    b.    The first paragraph of the pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). Such statement should reference the particular statute that

confers jurisdiction and contain a brief explanation as to why that statute is applicable.

c. The second paragraph of the particularized pleading must contain a list of defendants or respondents. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant or respondent. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated or state tort committed. Under each section, the Plaintiff must list each defendant or respondent purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

d. The particularized pleading will supplant the "ADMINISTRATIVE/JUDICIAL NOTICE." The particularized pleading must stand or fall of its own accord. Petitioner may not reference statements in the original pleading.

(Nov. 5, 2007 Mem. Order.) The Court warned Plaintiff that "[f]ailure to fully comply with the above requirements will result in the dismissal of the action." (Nov. 5, 2007 Mem. Order.)

In response, Plaintiff submitted a "VERIFIED COMPLAINT" wherein he asserts that the Court has jurisdiction to entertain this action under the Vienna Convention on the Law of Treaties. Specifically, Plaintiff states, verbatim:

> In pursuant to Vienna Convention on the law of Treaties, U.N. DOC. A/CONF. 39/27 (1969) 63 A.J.I.L. 875 (1969) at Article 2, para's 1(a)(b) and (g) and Article II, as a Sovereign Ecclesiastical "State" with full political existence independent of other "States" under the Convention on Right and Duties of States, 49 Stat 3097, T.S. 881, 165 L.N.T.S. 19, 3 Bevans 145, done at Montevido, Uruguay, December 26, 1934 Diplomatic Relations Act of 1978 is the controlling statute on diplomatic immunity in the receiving "State."

2

(VERIFIED COMPL. at ¶ I.) Plaintiff suggests that he is either a "Sovereign Ecclesiastical 'State'" or the ambassador of such a state. (VERIFIED COMPL. at ¶¶ I, III.) Plaintiff then asserts, *inter alia*, that the Vienna Convention on Diplomatic Relations precluded his prosecution and subsequent imprisonment.

"For a federal court to have subject matter jurisdiction to hear an independent action there must be some statutory or constitutional basis for its jurisdiction." *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995). The burden of establishing this jurisdiction is on the party asserting that a cause is within the court's power to act. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In this regard, Plaintiff has failed to comply with the Court's directive to provide "a short and plain statement of the grounds for the court's jurisdiction." *See* Fed. R. Civ. P. 8(a)(1). Plaintiff has failed to set forth in the first paragraph of his complaint "the particular statute that confers jurisdiction" nor has he submitted "a brief explanation as to why that statute is applicable." (Nov. 5, 2007 Mem. Order.) Thus, his action is subject to dismissal. *See* Fed. R. Civ. P. 8(a)(1), 41(b). Furthermore, Plaintiff's suggestion that he has any rights under the treaties referenced above because he is a "Sovereign Ecclesiastical 'State'" (VERIFIED COMPL. at ¶ I) or the ambassador of such a state, is factually and legally frivolous. *See* 28 U.S.C. § 1915A. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Dated: 7-1-08
Richmond, Virginia

/s/
James R. Spencer
**Chief United States District Judge**